PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| APRIL BUCCI, | ) | |
|---|---|---|
| | ) | CASE NO. 1:18CV2131 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROUNDSTONE MANAGEMENT, LTD., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 13] |

Pending before the Court is Defendant Roundstone Management, Ltd.'s Motion for Partial Summary Judgment. ECF No. 13. Plaintiff April Bucci filed an opposition (ECF No. 23), and Defendant replied (ECF No. 27). Defendant asks the Court to dismiss Plaintiff's claims brought under the Family and Medical Leave Act ("FMLA").

Plaintiff argues the records Defendant produced do not provide her with information sufficient to respond to the summary judgment motion, and that "additional discovery needs to be completed to further explore the issue of how many employees the company employed during 2017." ECF No. 23 at PageID #: 208-09. Under Rule 56(d), a party may show, by affidavit or declaration, that it cannot present facts essential to justify its opposition. The party moving under Rule 56(d) is required to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

(1:18CV2131)

Plaintiff did not file an affidavit or declaration pursuant to Fed. R. Civ. P. 56(d). Plaintiff, however, alleges her need for additional discovery to establish that Defendant met the statutory threshold of 50 or more employees during the relevant period of time. She also explains why she believes Defendant's payroll records do not accurately reflect the number of employees Defendant employed. Plaintiff, though failing to comply with the technical aspect of the rule, satisfies the substantive requirements through her opposition to Defendant's motion for summary judgment. *Cf. Cacevic*, 226 F.3d at 489 (denying Rule 56(d) motion proper when movant fails to comply with either the technical or substantive aspects of the rule).

Accordingly, the Court denies Defendant's motion for partial summary judgment (ECF No. 13) without prejudice. The Court will entertain any subsequent summary judgment motion on this issue after the close of discovery.

IT IS SO ORDERED.

| | |
|---|---|
| May 17, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |